UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAIL SHARLEY,

    Plaintiff,                                 CIVIL ACTION NO. 05-CV-71522-DT

  v.

                                               DISTRICT JUDGE NANCY G. EDMUNDS
                                               MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
   _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be GRANTED, and that of Defendant DENIED, as there was no substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

      Plaintiff filed an application for Social Security disability insurance benefits on March 7, 2002, alleging that she had been disabled and unable to work since November 8, 2001, at age 52, due to a stroke, neuralgia, hypertension, chronic steroid dependence, asthma, diabetes and a heart condition. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on November 24, 2003, before Administrative Law Judge (ALJ) Douglas Jones. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work. The Law Judge found that

the claimant was unable to perform work requiring any climbing of ladders, and that she could not be exposed to airborne pollutants, high humidity or extremely cold temperatures. The Law Judge determined that Plaintiff could occasionally bend at the waist and climb stairs, but that she should not be around unprotected heights or hazardous machinery for appreciable periods of time. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 54 years old at the time of the administrative hearing. She is a college graduate, and earned a Masters Degree in social work (TR 69, 277). The claimant had been employed as a social worker and adoption specialist for the State of Michigan Family Independence Agency during the relevant past (TR 64, 278, 286). Plaintiff's job as a social worker required her to sit for most of the work day. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 10 pounds on a regular basis (TR 64).

Claimant stopped working in November 2001[1], due to overall poor health caused by uncontrolled hypertension, diabetes and asthma related breathing difficulties (TR 278, 282-283). Plaintiff explained that her asthma has compromised her lungs to the point where she developed bronchitis several times a year (TR 284). Other impairments which prevented claimant from returning to work included facial neuralgia and bladder problems (TR 282, 287). Pain medications provided only temporary relief, and caused her to become

---

[1]Plaintiff was receiving $2336.00 a month in retirement and disability benefits from her former employer at the time of the hearing (TR 279-280).

easily fatigued (TR 283, 288). The claimant said that she had to lie down every afternoon for up to an hour in order to alleviate her weariness (TR 288). Plaintiff added that she often lost her balance, and that her concentration and short term memory were poor (TR 289-290). Plaintiff spent her days at home performing light household chores, but sometimes needed the assistance of her husband to do the vacuuming and moving heavy objects (TR 85).

A Vocational Expert, Melody Henry, classified Plaintiff's past social work as sedentary to light, skilled activity, which imparted numerous transferable skills (TR 99, 295). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[2] (TR 298). If she were capable of light work, there were numerous social worker, case aide, customer service representative, teacher's aide and clerical jobs that Plaintiff could perform with minimal vocational adjustment (TR 295-296). Those jobs did not expose workers to dust, fumes or airborne pollutants.  They were not performed in humid or cold temperature environments, and required only occasional bending at the waist and stair climbing.  Moreover, the jobs would not expose a worker to unprotected heights or moving machinery (TR 293-294).  The Vocational Expert verified that the characteristics of those light jobs were consistent with the classifications contained in the Dictionary of Occupational Titles and its companion publications (TR 293).

---

[2]The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods and her need to lie down every day would preclude all work activity (TR 298).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of facial neuralgia, hypertension, asthma and diabetes , but that these impairments were not severe enough to meet the Listing of Impairments.  The ALJ recognized that the claimant's breathing difficulties precluded her from performing jobs requiring exposure to dust, fumes, high humidity or cold temperatures. The ALJ further found that Plaintiff could only occasionally bend at the waist and climb stairs.  She also could not work around moving machinery or at unprotected heights. The Law Judge determined that the claimant retained the residual functional capacity to perform a reduced range of light work, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is

**4**

supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple impairments were severe enough to preclude her from all work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration the side effects from her medications. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2005).

DISCUSSION AND ANALYSIS

I am persuaded that substantial evidence does not exist on the record supporting the Commissioner's conclusion that Plaintiff could perform a reduced range of light work. The medical evidence, as a whole, provided objective support for Plaintiff's allegations of severe functional limitations stemming from her multiple impairments.

Plaintiff was found to be totally disabled by her long time treating physician. Dr. Jeane Scholl, who indicated in October 2003, that the claimant was totally disabled as a result of severe pain caused by trigeminal neuralgia (TR 174, 251). Dr. Scholl reported that medications taken to help control the condition caused Plaintiff to become easily fatigued (TR 189, 250). Consequently, the treating physician indicated that Plaintiff required

unrestricted freedom to rest frequently, including lying down for substantial periods of time, for relief of her pain and fatigue (TR 250). Dr. Scholl added that the pain and fatigue also interfered with claimant's ability to concentrate (TR 249).

The assessment that Plaintiff was severely impaired was shared by other physicians who cared for her during the relevant period. Dr. Arthur Syniszewski, a cardiologist, treated her for anginal type chest pain and fainting spells (TR 145). While the fainting spells dissipated after she had a pacemaker implanted, the cardiologist opined in April 2001, that Plaintiff remained a heart risk due to long-standing hypertension and high cholesterol levels (TR 145). Dr. Martha Reincke, a treating neurologist, reported that the claimant had suffered a lacunar infarction (small stroke) in October 2001 (TR 122, 178), and underwent neurosurgery two months later to help alleviate the facial neuralgia[3] (TR 114, 118). When the surgery provided only temporary pain relief, the doctor explained that medications needed to control the neuralgia had caused her to suffer short term memory lapses and excessive fatigue (TR 219, 221).

Defendant concedes that Plaintiff suffers from a variety of medical problems, but maintains that no one condition was sufficiently disabling to prevent substantial gainful employment (See Defendant's Brief in Support of Summary Judgment at pp. 10-13). The ALJ, however, must consider the combined effect of multiple impairments, and cannot consider each of them in isolation. Mowery v. Heckler, 771 F.2d 966, 971 (6th Cir. 1985)("disability may be established by a claimant suffering from a variety of medical problems, no one of which might be sufficiently disabling to prevent substantial gainful

---

[3] Plaintiff was also found to be diabetic, and was prescribed steroids to help control her asthma (TR 194).

employment, but when taken together have that result"). While the ALJ stated that he considered the combined effect of claimant's impairments, an examination of his opinion reveals that Plaintiff's impairments were, in fact, evaluated in piecemeal fashion. I find it beyond dispute that Plaintiff's physical impairments, when considered in combination, significantly limited her ability to perform basic work activities.

It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), and are entitled to complete deference where, as here, the clinical findings are uncontradicted by substantial medical or other evidence and the opinions are based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Scholl and Reincke offered satisfactory objective clinical evidence of disabling functional limitations stemming from claimant's numerous impairments, their opinions that Plaintiff was totally disabled should have been given greater weight than those of a state agency reviewing physician, who only evaluated the medical evidence of record without the benefit of a personal examination[4] (TR 204-211). The disability evaluations of these treating physicians were entitled to more deference where, as here, their clinical findings were uncontradicted by substantial medical or other evidence, and were based on detailed, clinical, diagnostic evidence.

---

[4]A medical advisor's assessment of what other doctors find cannot serve as the basis for a competent evaluation of residual capacity without a personal examination of the claimant. Any opinion of disability from a nonexamining medical advisor is entitled to little weight if it is contrary to the opinion and clinical findings of the treating physician. Sherrill v. Secretary, 757 F.2d 803, 805 (6th Cir. 1985).

**7**

In the instant case, the vocational expert stated that Plaintiff could not return to any of her past jobs, or be competitively employed at all, if she needed to lie down for prolonged periods during the day (TR 298).  Given Dr. Scholl's opinion that Plaintiff needed the option of lying down at will during the relevant period (TR 250), there was no substantial evidence to support the determination that she remained capable of performing a significant number of unskilled jobs in the economy. Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be GRANTED, that of Defendant DENIED, and the instant case be remanded to the Commissioner for a computation of benefits to which claimant is entitled.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                           s/Donald A. Scheer  
                                           DONALD A. SCHEER  
                                           UNITED STATES MAGISTRATE JUDGE  
DATED: January 20, 2006

_____

### CERTIFICATE OF SERVICE

    I hereby certify on January 20, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 20, 2006. **None.**

                                           s/Michael E. Lang  
                                           Deputy Clerk to  
                                           Magistrate Judge Donald A. Scheer  
                                           (313) 234-5217